UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| ANDREW FREE,<br><br>      Plaintiff,<br><br>      v.<br><br>FEDERAL BUREAU OF PRISONS; U.S.<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br><br>      Defendants. | Civil Action No. 26-cv-24026 |

## ANSWER

Defendants Federal Bureau of Prisons ("BOP") and United States Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, hereby respond to Plaintiff's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1). Plaintiff also asserts claims for injunctive and declaratory relief. (*Id.*)

Defendants respond to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Where an allegation concerns only one Defendant, that Defendant responds on its own behalf. Without waiving any defenses or objections, and in response to the numbered paragraphs in Plaintiff's Complaint, Defendants answer as follows:

## 1. Introduction and Background[1]

---

[1]     For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

1

1.      The allegations contained in Paragraph 1 consist of Plaintiff's characterization of this action and Plaintiff's conclusions of law, to which no response is required.  To the extent that a response is deemed required, Defendants admit that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., respectfully refer the court to the FOIA in its entirety for an accurate and complete reading of its contents and deny any allegation inconsistent therein.

2.      The allegations contained in Paragraph 2 consist of Plaintiff's legal conclusions regarding the application and purpose of the FOIA, to which no response is required.  To the extent that a response is deemed required, Defendants respectfully refer the court to the text of Plaintiff's FOIA request to BOP for a full and accurate statement of its contents and deny any allegations inconsistent therein.

3.      The allegations contained in Paragraph 3 consist of Plaintiff's vague characterizations of the Defendants ICE's alleged acts and omissions that require no response. To the extent that a response is deemed required, Defendants ICE denies.

4.      The allegations contained in Paragraph 4 set forth Plaintiff's claims for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies.

**JURISDICTION AND VENUE**

5.      The allegations contained in Paragraph 5 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit only that this Court has jurisdiction subject to the limitations of the FOIA and deny any allegations inconsistent therein.

6. The allegations contained in Paragraph 6 consist of conclusions of law regarding venue, to which no response is required. To the extent that a response is deemed required, Defendants admit only that venue is subject to the limitations of the FOIA.

7. Paragraph 7 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

8. The allegations contained in Paragraph 8 consist of conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, Defendants admit only that this Court has jurisdiction subject to the limitations of the FOIA and deny any allegations inconsistent therein.

9. The allegations contained in Paragraph 8 consist of conclusions of law regarding the obligation of Federal agencies under the FOIA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA in its entirety for an accurate and complete reading of its contents and deny any allegation inconsistent therein.

10. The allegations contained in Paragraph 10 consist of conclusions of law regarding the obligation of Federal agencies under the FOIA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA in its entirety for an accurate and complete reading of its contents and deny any allegation inconsistent therein.

11. The allegations contained in Paragraph 11 consist of conclusions of law regarding the obligation of Federal agencies under the FOIA, to which no response is required. To the extent that a response is deemed required, Defendants respectfully refer the court to the FOIA in

its entirety for an accurate and complete reading of its contents and deny any allegation inconsistent therein.

## PARTIES

12. The allegations contained in Paragraph 12 consist of Plaintiff's characterization of Plaintiff, Andrew Free, and require no response. To the extent that a response is deemed required, Defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as contained in Paragraph 12, which are denied.

13. The allegations contained in Paragraph 13 consist of Plaintiff's characterization of Plaintiff's work and require no response. To the extent that a response is deemed required, Defendants lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as contained in Paragraph 13, which are denied.

14. The allegations set forth in paragraph 14 are admitted in part and denied in part. Defendant ICE admits it is a component of the U.S. Department of Homeland Security and that it oversees criminal and civil enforcement of immigration laws. All allegations not specifically admitted are denied.

15. The allegations set forth in paragraph 15 are admitted in part and denied in part. Defendant ICE admits it is a Federal agency and that ICE has possession of certain records responsive to Plaintiff's FOIA requests. All allegations not specifically admitted are denied.

16. The allegations set forth in paragraph 16 are denied.

17. Defendants are without knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 17 and therefore deny the same.

18. Defendant ICE denies the allegations set forth in paragraph 18.

19.    The averments set forth in paragraph 19 are admitted in part and denied in part. Defendant ICE admits the existence of the August 13, 2021 letter referenced in footnote 13 of the Complaint and respectfully refers the Court to the cited letter for a full and accurate statement of its contents. The remainder of the allegations in paragraph 19 are denied.

20.    The allegations set forth in paragraph 20 constitute a conclusion of law, to which no response is required. To the extent a response is required, Defendants respectfully refers the Court to the cases cited for a true and accurate reading of their contents and denies any allegations inconsistent therewith.

21.    Defendant BOP admits only that it is a component of the Department of Justice, that is subject to the provisions of the FOIA, 5 U.S.C. § 552, et seq., and respectfully refers the court to the FOIA and a complete reading of its contents and deny any allegations inconsistent therein.

22.    Defendant only admits that it is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant further admits that, based on the language of the request, it may maintain possession, custody, and control over some records that may be relevant to Plaintiff's request, to the extent that such records exist.

## FACTS

### Mr. Noviello's death at FDC Miami

23.    Paragraph 23 contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required. To the extent a response is required, the Court on its own motion should strike such allegations under Rule 12(f)(1) or grant Defendant leave to file such motion by a date certain."

24. Paragraph 24 contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required. To the extent a response is required, the Court on its own motion should strike such allegations under Rule 12(f)(1) or grant Defendant leave to file such motion by a date certain.

25. Defendant ICE admits.

26. Paragraph 26 contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required. To the extent a response is required, the Court on its own motion should strike such allegations under Rule 12(f)(1) or grant Defendant leave to file such motion by a date certain.

27. Paragraph 27 contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required. To the extent a response is required, the Court on its own motion should strike such allegations under Rule 12(f)(1) or grant Defendant leave to file such motion by a date certain.

28. Paragraph 28 contains allegations that are irrelevant and immaterial to the claims for relief Plaintiff brings in this suit, and thus, no response is required. To the extent a response is required, the Court on its own motion should strike such allegations under Rule 12(f)(1) or grant Defendant leave to file such motion by a date certain.

29. Defendant ICE admits that ICE Directive 11003.6 exists and refers to that document  which speaks for itself.

30. Defendant ICE admits the allegations set forth in paragraph 30.

31. Defendant ICE denies the allegations set forth in paragraph 31.

32. Defendant ICE denies the allegations set forth in paragraph 32.

33. Defendant ICE admits the allegations set forth in paragraph 33.

**Plaintiff's FOIA request**

34.     Defendant ICE admits the allegations set forth in paragraph 34.

35.     Defendant ICE admits the allegations set forth in paragraph 35.

36.     Defendant ICE admits the allegations set forth in paragraph 36.

37.     Defendant ICE admit the allegations set forth in paragraph 37.

38.     Defendant ICE denies the allegations set forth in paragraph 38.

39.     Defendant ICE denies the allegations set forth in paragraph 39.

40.     Defendant ICE admits the allegations set forth in paragraph 40.

41.     Defendant ICE admits the allegations set forth in paragraph 41.

42.     Defendant ICE admits Plaintiff submitted an administrative appeal on February 5, 2026.  The remaining allegations set forth in paragraph 42 consist of Plaintiff's assertion of his legal claims, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations.

43.     Defendant ICE admits the allegations set forth in paragraph 43.

44.     Defendant ICE admits the allegations set forth in paragraph 44.

45.     Defendant ICE admits the allegations set forth in paragraph 45.

**ICE Detention Death Reviews and 7(A)**

46.     The allegations set forth in paragraph 46 consist of Plaintiff's assertion of his legal claims, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations.

47.     Defendant ICE admits the allegations set forth in paragraph 47.

48.     The allegations set forth in paragraph 48 consist of Plaintiff's assertion of his interpretation of ICE Directive 11003.6 and legal claims, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations

49.     The allegations set forth in paragraph 49 consist of Plaintiff's assertion of his interpretation of ICE Directive 11003.6 and legal claims, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations.

50.     The allegations set forth in paragraph 50 consist of Plaintiff's assertion of his interpretation of ICE Directive 11003.6 and legal claims, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations.

**Plaintiff's FOIA Request to BOP**

51.     Defendant BOP admits only that Plaintiff submitted a FOIA request dated August 1, 2025. Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith. See Ex. D to Compl. (ECF No. 1-4).

52.     Defendant admits only that Plaintiff requested expedited processing in the FOIA request.  Defendant avers that the Request is the best evidence of its contents, respectfully refers the Court to the Request, and denies any allegations inconsistent therewith. Defendant further admits only that it issued an Acknowledgment letter to Plaintiff on August 12, 2025, assigned the FOIA request number 2025-06633, and granted Plaintiff's request for expedited processing. Defendant respectfully refers the Court to the Acknowledgement Letter for a complete and accurate statement of its contents and denies all other allegations regarding its contents that are inconsistent with the text therein. See Exhibit E to Complaint (ECF No. 1-5).

53.     Defendant admits it received an email communication from Plaintiff on September 11, 2025, and responded on September 12, 2025. Defendant respectfully refers the Court to the communications between the parties for a complete and accurate statement of their contents and denies all other allegations regarding the contents that are inconsistent with the text therein. See Exhibit D to Complaint (ECF No. 1-4).

54.     Defendant BOP admits only that it has not produced any records to Plaintiff as of this date. To the extent a further response is deemed required, Defendant denies all other allegations.

55.     The allegations contained in Paragraph 55 consist of Plaintiff's vague characterizations of Defendants' acts and omissions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required, Defendant BOP admits only that BOP has not provided a response to the Plaintiff's FOIA requests as of the filing of the instant complaint, and denies any remaining allegation.

56.     The allegations contained in Paragraph 56 consist of Plaintiff's vague characterizations of Defendants' acts and omissions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent that a response is deemed required, Defendant BOP admits only that BOP has not provided a response to the Plaintiff's FOIA requests as of the filing of the instant complaint, and denies any remaining allegation.

57.     Defendant BOP admits only that BOP has not provided a response to the Plaintiff's FOIA requests as of the filing of the instant complaint. To the extent a further response is deemed required, Defendant denies.

9

58.     Defendant BOP admits only BOP has not issued a final determination on Plaintiff's request as of this date. To the extent a further response is deemed required, Defendant denies.

**Urgent Public Interest in Timely Disclosure of ICE Death Records**

59.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 59 and therefore denies the same.

60.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 60 and therefore denies the same.

61.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 61 and therefore denies the same.

62.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 62 and therefore denies the same.

63.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 63 and therefore denies the same.

64.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 64 and therefore denies the same.

65.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 65 and therefore denies the same.

66.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 66 and therefore denies the same.

67.     Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 67 and therefore denies the same.

68. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 68 and therefore denies the same.

69. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 69 and therefore denies the same.

70. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 70 and therefore denies the same.

71. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 70 and therefore denies the same.

72. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 72 and therefore denies the same.

73. Defendant ICE lacks knowledge and information sufficient to form a belief as to the allegations set forth in paragraph 73 and therefore denies the same.

74. Paragraph 74 presents Plaintiff's conclusions as to the requirements of federal law which no response is required.

## CLAIMS FOR RELIEF

### COUNT I
### FAILURE TO MAKE A DETERMINATION
### VIOLATION OF 5 U.S.C. § 552 BY BOP

75. Defendant BOP reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

76. The allegations contained in Paragraph 76 are Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

77.     The allegations contained in Paragraph 76 are Plaintiff's legal conclusions regarding the requirements under the FOIA and caselaw that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

78.     Defendant BOP admits only BOP has not issued a final determination on Plaintiff's request as of this date. To the extent a further response is deemed required, Defendant denies.

## COUNT II
## FAILURE TO ESTIMATE A DATE OF PRODUCTION
## VIOLATION OF 5 U.S.C. § 552(a)(7)(B)(ii) BY BOP

79.     Defendant BOP reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

80.     The allegations contained in Paragraph 80 are Plaintiff's legal conclusions regarding the requirements under the FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

81.     The allegations contained in Paragraph 81 consist of legal conclusions and factual assumptions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent a response is deemed required, they are denied.

## COUNT III
## FAILURE TO MAKE REASONABLY SEGREGABLE, NON-EXEMPT RECORDS
## PROMPTLY AVAILABLE
## VIOLATION OF 5 U.S.C. § 552(a)(3) BY BOP

82.     Defendant BOP reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

83.     The allegations contained in Paragraph 83 are Plaintiff's legal conclusions regarding the requirements under the FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

84.     The allegations contained in Paragraph 84 consist of legal conclusions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

## COUNT IV
## VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
## UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY BOP

85.     Defendant BOP reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

86.     The allegations contained in Paragraph 86 are Plaintiff's legal conclusions about the BOP and the agency requirements under the FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

87.     The allegations contained in Paragraph 87 are Plaintiff's legal conclusions regarding the requirements under the FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

88.     The allegations contained in Paragraph 88 consist of factual assumptions that do not set forth a claim for relief or aver facts in support of a claim and require no response. To the extent a response is deemed required, they are denied.

13

## COUNT V
## WRONGFUL WITHHOLDING OF RECORDS
## VIOLATION OF 5 U.S.C. § 552(a)(3)(A) BY ICE

89. Defendant ICE reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

90. The allegations contained in Paragraph 90 are Plaintiff's legal conclusions about ICE and the agency's obligations under FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

91. The allegations contained in Paragraph 91 are Plaintiff's legal conclusions about ICE and the agency's obligations under FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

92. The allegations contained in Paragraph 92 are Plaintiff's legal conclusions that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

93. The allegations contained in Paragraph 93 are Plaintiff's legal conclusions about ICE and the agency's obligations under FOIA that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

## COUNT VI
## VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
## UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY ICE

14

94. Defendant ICE reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

95. The allegations contained in Paragraph 95 are Plaintiff's legal conclusions that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

96. The allegations contained in Paragraph 96 are Plaintiff's legal conclusions that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

97. The allegations contained in Paragraph 97 are Plaintiff's legal conclusions that require no response. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

**COUNT VII**
**FAILURE TO COMPLY WITH FOIA'S**
**AFFIRMATIVE DISCLOSURE PROVISIONS**

98. Defendant ICE reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

99. Paragraph 99 provides Plaintiff's conclusion as to FOIA's requirements. Defendant ICE directs the Court to the statute itself.

100. The allegations contained in Paragraph 100 are Plaintiff's legal conclusion that requires no response. To the extent a response is deemed required, Defendants respectfully refer

15

the Court to the FOIA for a complete and accurate reading of its contents and deny any allegation inconsistent therein.

## COUNT VIII
## PATTERN AND PRACTICE OF
## VIOLATION OF AFFIRMATIVE DISCLOSURE REQUIREMENTS BY ICE

101.    Defendant ICE reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

102.    Paragraph 102 provides Plaintiff's conclusion as to FOIA's requirements. Defendant ICE directs the Court to the statute itself.

103.    Defendant ICE denies the allegation in paragraph 103.

## COUNT IX
## PATTERN AND PRACTICE OF
## VIOLATION OF TIME LIMITS BY ICE

104.    Defendant ICE reincorporates and re-alleges the responses contained in the foregoing paragraphs of this Answer as if fully stated in this paragraph.

105.    Defendant ICE denies the allegation in paragraph 105

106.    Paragraph 106 presents Plaintiff's assessment of other lawsuits. Defendant ICE refers the Court to those matters.

## REQUESTED RELIEF

The remainder of the Complaint contains Plaintiff's request for relief to which no response is required.  To the extent that responses are required, Defendants deny that Plaintiff is entitled to the relief requested in its prayer for relief, or to any relief whatsoever.  Any allegation contained in Plaintiff's Complaint that has not been admitted or denied is hereby denied.

16

**<u>Affirmative Defenses</u>**

**FIRST DEFENSE**

As to some or all of the claims asserted in this action, Plaintiff has failed to state a claim upon which relief may be granted under FOIA.

**SECOND DEFENSE**

Any information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552(a), *et seq.* Plaintiff is not entitled to compel the production of responsive records protected from disclosure by one or more of the exemptions or exclusion to FOIA, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a. Defendants are entitled to invoke all exemptions and other defenses available under the Freedom of Information Act and the Privacy Act.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over the Plaintiff's requests for relief to the extent those requests exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552. Any relief is limited to that provided for in 5 U.S.C. § 552(a)(4)(B).

**FOURTH DEFENSE**

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendants to process Plaintiff's FOIA requests.

**FIFTH DEFENSE**

Defendants may have additional defenses which are not known at this time, but which may become known. Accordingly, Defendants reserve the right to assert each and every

affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

### SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees or costs.

### SEVENTH DEFENSE

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

### EIGHTH DEFENSE

Plaintiff's FOIA requests do not reasonably describe the records sought and therefore do not comply with the FOIA and/or do not trigger a search or production obligation. Plaintiff's FOIA requests are not enforceable under the FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records.

### NINTH DEFENSE

The FOIA does not authorize the injunctive relief requested.

### TENTH DEFENSE

There is no provision in the FOIA for obtaining declaratory relief.

### ELEVENTH DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff has failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

**WHEREFORE**, having fully answered, Defendants respectfully request this Court to:
(1) dismiss the Complaint with prejudice and order that the Plaintiffs take nothing and are
granted no relief; (2) enter judgment in favor of Defendants; (3) award the Defendants costs and
disbursements incurred in defending this matter; and (4) grant such further relief as the Court
deems just and proper.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY:  *s/Carlos Raurell*
Fla. Bar. No. 529893
Assistant United States Attorney
99 N.E. 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9243
Email:  carlos.raurell@usdoj.gov
*Counsel for Defendants*

19